# Exhibit 1

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | | **CASE NO.**<br>22-001777-CD<br>Hon. John H. Gillis, Jr. |

Court address : 2 Woodward Ave., Detroit MI 48226      Court telephone no.: 313-224-5243

| Plaintiff's name(s), address(es), and telephone no(s)<br>Newsome, Kathleen | v | Defendant's name(s), address(es), and telephone no(s).<br>Vehi-Ship LLC<br>310 East Interstate 30<br>Suite 316B<br>Garland, TX 75043 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Caitlin E. Malhiot 76606<br>1300 Broadway, Fifth Floor<br>Detroit, MI 48226 | | |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2/14/2022 | Expiration date*<br>5/16/2022 | Court clerk<br>Angila Mayfield |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Scanned with CamScanner

**SUMMONS**
Case No.: **22-001777-CD**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**     OR     ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ |  | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
Day, date, time
_____ on behalf of _____
Signature

Scanned with CamScanner

**STATE OF MICHIGAN**

**WAYNE COUNTY CIRCUIT COURT**

KATHLEEN NEWSOME,

    Plaintiff,

vs.

                                              Case No:        -CD
                                              Honorable

VEHI-SHIP, LLC
    Defendant.

CAITLIN E. MALHIOT (P76606)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
Attorney for Plaintiff
1300 Broadway, 5th Floor
Detroit, Michigan 48226
313-777-7529
cait@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## COMPLAINT

NOW COMES the Plaintiff, Kathleen Newsome, by and through her attorneys, MARKO LAW, PLLC, and for her Complaint against the above-named Defendant, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff Kathleen Newsome is a female residing in the County of Wayne, State of Michigan.

1

Scanned with CamScanner

2. Defendant Vehi-Ship, LLC is a foreign profit corporation with its principal place of business is in the County of Wayne, State of Michigan.

3. The amount in controversy greatly exceeds this Court's jurisdictional requirement.

## FACTUAL ALLEGATIONS

4. Newsome, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

5. Newsome began her working relationship with Defendant on or about March 1, 2019.

6. Defendant misclassified Newsome as an independent contractor.

7. Throughout the working relationship between Newcome and Defendant, Defendant was Newsome's legal employer as a matter of law.

8. Newsome was dependent on Defendant as a matter of economic reality.

9. Defendant affected the terms, conditions, and/or privileges of Plaintiff's employment.

10. Defendant controlled Newsome's work environment, directed her work, did not allow her to subcontract her work, determined the hours she would work and the manner in which she was to perform the work, and acted in all ways as her employer.

11. During her employment with Defendant Newsome was subjected to sexual harassment.

12. Newsome's supervisor, Howard Johnson, ordered Newsome to allow him to take nude photos of her and threatened to terminate her employment if she failed to do so.

2

Scanned with CamScanner

13. Newsome's supervisor, Howard Johnson, restrained Newsome and groped her vagina over her clothing.

14. Newsome's supervisor, Howard Johnson, made numerous inappropriate sexual comments and demands to her, including "let me see that pussy" and asking for more nude photos of Newsome.

15. Newsome complained about Johnson's inappropriate sexual conduct.

16. Newsome made her opposition to Johnson's inappropriate sexual conduct known.

17. On or about January, 2020, after Newsome opposed the sexual harassment from her supervisor, Howard Johnson, her employment with Defendant was terminated.

18. Newsome's employment was terminated, at least in part, because of her objection to sexual harassment.

19. Newsome has suffered and continues to suffer emotional distress as a result of the severe and pervasive sexual harassment to which she was subjected.

20. Newsome has suffered and continues to suffer economic damages as a result of the termination of her employment with Defendant.

21. As a result of Defendant's actions and inactions, Newsome has suffered, and will continue to suffer, extensive damages, including but not limited to the following:

 a. Stress;
 b. Humiliation;
 c. Emotional Damages;
 d. Non-economic damages;
 e. Economic Damages; and

3

Scanned with CamScanner

f. All other injuries to be discovered throughout discovery.

## COUNT I- VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
*(Disparate Treatment)*

22. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

24. Defendant is vicariously liable for the violation of Plaintiff's Rights under the Michigan Elliott-Larsen Civil Rights Act pursuant to the doctrine of respondeat superior.

25. Plaintiff's sex and/or race were at least one factor that made a difference in Defendant's treatment of Plaintiff.

26. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of sex and/or race and acted in accordance with that predisposition.

27. Defendant, through its agents, representatives, and employees, treated *Plaintiff differently from similarly situated employees in the terms and conditions of employment,* based on unlawful consideration of sex and/or race.

28. Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

29. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

4

Scanned with CamScanner

## COUNT II- VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
*(Hostile Work Environment)*

30. Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth within.

31. At all material times, Plaintiff was an employee, and Defendant was her employers, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

32. Defendant is vicariously liable for the violation of Plaintiff's Rights under Michigan Elliott-Larsen Civil Rights Act under the doctrine of respondeat superior.

33. Plaintiff was subjected to unwelcome verbal and physical conduct due to her sex.

34. The unwelcome conduct complained of was based on Plaintiff's sex.

35. The unwelcome conduct affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

36. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT III- VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
*(Quid Pro Quo Sexual Harassment)*

37. Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth within.

38. At all relevant times Plaintiff was an employee and Defendant was an employer covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights

5

Scanned with CamScanner

Act, MCL 37.2101, et seq.

39. Defendant is vicariously liable for the violation of Plaintiff's Rights under Michigan Elliott-Larsen Civil Rights Act under the doctrine of respondeat superior.

40. Plaintiff's supervisor made her acceptance of /submission to sexual harassment a condition of employment with Defendant.

41. The unwelcome conduct affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

42. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

### COUNT IV- VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
*(Retaliation)*

43. Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth within.

44. At all relevant times Plaintiff was an employee and Defendant was an employer covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

45. Defendant retaliated against Plaintiff for asserting her rights under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq., by terminating her employment.

46. As a result of Defendant's retaliatory termination of Plaintiff's employment, Plaintiff has suffered and continues to suffer damages.

6

Scanned with CamScanner

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff and against Defendant in an amount the Court or jury deems just and fair, plus interest, costs and attorney fees.

Respectfully submitted,

/s/ Caitlin E. Malhiot
Caitlin E. Malhiot (P76606)
Jonathan R. Marko (P72450)
MARKO LAW, PLLC
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: 313-879-0229
Email: cait@markolaw.com

Dated: February 14, 2022

7

Scanned with CamScanner