UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kathleen Newsome,

                Plaintiff,        Case No. 22-cv-10545

v.                                    Judith E. Levy
                                      United States District Judge

Vehi-Ship, LLC,

                                      Mag. Judge Anthony P. Patti

                Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [6] AND STAYING PROCEEDINGS

Plaintiff Kathleen Newsome brings claims of disparate treatment, hostile work environment, sexual harassment, and retaliation against Defendant under Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"). (ECF No. 1-1.) Defendant filed the present motion to compel arbitration and dismiss or stay proceedings under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), as well as Sections 3 and 4 of the Federal Arbitration Act ("FAA"). (ECF No. 6.) The motion is fully briefed.

In its motion, Defendant states that Plaintiff's relationship with Defendant was governed by the terms of the independent contractor

operating agreement that she signed on March 26, 2019. (ECF No. 6, PageID.80; *see also* ECF No. 4-1.) This agreement contains an arbitration clause that specifies that

> any claim, dispute or controversy arising out of, effecting, interpreting or purporting to enforce this Agreement . . . shall be resolved . . . by submitting the dispute to binding and final arbitration to be conducted in Dallas County, Texas pursuant to the Commercial Arbitration rules and procedure as set forth under American Arbitration Association ("AAA").

(ECF No. 6, PageID.81; ECF No. 4-1, PageID.64.)

Defendant argues that Plaintiff's claims are subject to mandatory arbitration because they arise out of the parties' agreement. (ECF No. 6, PageID.91–92.) It also argues that threshold issues of arbitrability are subject to arbitration because the agreement incorporates the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). (*Id.* at PageID.93–98.)

In her response brief, Plaintiff argues that her claims are not subject to mandatory arbitration because they do not arise out of the parties' agreement. (ECF No. 8, PageID.149–152.) She also contends that the issue of arbitrability must be decided by a court and not an arbitrator. (*Id.* at PageID.152–153.)

Plaintiff's argument that her claims are not subject to mandatory arbitration raises a question of arbitrability. *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 878 (6th Cir. 2021) (stating that "whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy" are questions of arbitrability); *see also In re Auto. Parts Antitrust Litig.*, 951 F.3d 377, 381–82 (6th Cir. 2020) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)) ("[W]hether the parties are bound by a given arbitration clause raises a 'question of arbitrability' . . .").

"[A]rbitration is a matter of contract," meaning "courts must 'rigorously enforce' arbitration agreements according to their terms." *StockX*, 19 F.4th at 878 (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)). Although the question of arbitrability is generally decided by courts, *Automotive Parts*, 951 F.3d at 381, "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,'" *StockX*, 19 F.4th at 878 (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019)). The "parties may delegate threshold arbitrability questions to the arbitrator" by providing "clear and unmistakable"

3

evidence of the delegation in their agreement. *Id.* (quoting *Henry Schein*, 139 S. Ct. at 530).

Here, the parties' agreement provides "clear and unmistakable" evidence that issues of arbitrability should be decided by an arbitrator. In the Sixth Circuit, "the incorporation of the AAA Rules [into an agreement] . . . provides 'clear and unmistakable' evidence that the parties agreed to arbitrate 'arbitrability.'" *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 846 (6th Cir. 2020) (collecting cases). Because the parties' agreement incorporates the Commercial Arbitration Rules of the American Arbitration Association (*see* ECF No. 4-1, PageID.64), any questions of arbitrability—including whether Plaintiff's claims are subject to mandatory arbitration—must be decided in arbitration.[1]

---

[1] Plaintiff also asserts that she is an employee and not an independent contractor. (ECF No. 8, PageID.138; ECF No. 1-1, PageID.9.) She states that her "lawsuit arises out of rights that the at-issue agreement denies she has" (ECF No. 8, PageID.150) because the agreement is called an "Independent Contractor Operating Agreement" and independent contractors are not covered under the ELCRA, *Falls v. Sporting News Pub. Co.*, 834 F.2d 611, 613 (6th Cir. 1987); *see also Savas v. William Beaumont Hosp.*, 102 F. App'x 447, 450 (6th Cir. 2004). Regardless of what the parties' agreement is called, whether Plaintiff's claims are covered by the agreement is a question of arbitrability. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (noting that "a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy" is a question of arbitrability).

4

Accordingly, Defendant's motion to compel arbitration (ECF No. 6) is GRANTED, and this action is STAYED pending resolution of the arbitration.[2] If an arbitrator determines that Defendant may not compel arbitration as to Plaintiff's claims, Plaintiff may file a motion to lift the stay and proceed with the merits of her claims in this action before the Court.

IT IS SO ORDERED.

Dated: February 28, 2023  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

---

[2] The Sixth Circuit has held that when a party requests a stay under the FAA, a district court should stay the action instead of dismissing it. *Arabian Motors Grp., W.L.L. v. Ford Motor Co.*, 19 F.4th 939, 941–43 (6th Cir. 2021); *see also Panajoti Consulting, LLC v. BuyHive USA, Inc.*, No. 22-10487, 2022 WL 3645993, at *3 (E.D. Mich. Aug. 24, 2022) (granting a stay when the defendant requested either a stay or dismissal); *Cunningham v. Ford Motor Co.*, No. 21-cv-10781, 2022 WL 2819115, at *7 (E.D. Mich. July 19, 2022); *Muma v. Happy Smiles, LLC*, No. 22-cv-10414, 2022 WL 6775641, at *4 (E.D. Mich. Oct. 11, 2022).